**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CELINA WHINERY, | Case No.: CV10-09312-PA-AGR |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| v. | Honorable Percy Anderson |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; and CITIGROUP LIFE INSURANCE BENEFIT PLAN, | Filing Date:   December 3, 2010 |
| Defendants. | |

**CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER**

WHEREAS, Defendants, LIFE INSURANCE COMPANY OF NORTH AMERICA and CITIGROUP LIFE INSURANCE BENEFIT PLAN ("the Plan"), have agreed to produce certain materials pursuant to the parties agreement to be used for pretrial discovery in connection with this lawsuit, which these Defendants consider to be highly confidential, privileged and to contain trade secrets, proprietary information, and private and personal information regarding third parties;

WHEREAS, Neither the proposal of nor the entry of the Agreed Protective Order shall be considered as or work as a waiver by Life Insurance Company of North America the Plan their argument that discovery in this matter is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132, *et seq.* As such, it is Defendants' argument that, to the extent discovery is permitted in ERISA matters, Defendants expressly reserve their right, and expressly do not waive or compromise their right, to object to any information derived from or during discovery that was not included within the Administrative Record at the time the Life Insurance Company of North America rendered a decision.

WHEREAS, the Defendants, LIFE INSURANCE COMPANY OF NORTH AMERICA and the Plan are producing the information as agreed to by the parties, and seeking that this material be subject to the limitations set forth in this Protective Agreement;

IT IS HEREBY ORDERED that a Protective Order be entered pursuant to Federal Rule of Civil Procedure 26 (C) as follows:

**DEFINITIONS**

(a) "Protected Material" shall mean the following documents and information produced by LIFE INSURANCE COMPANY OF NORTH AMERICA and the Plan in Response to Plaintiff's Interrogatories, Requests for Production and

Requests for Admissions, marked as "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER":

1. LINA's responses to interrogatories sets one and two:

2. LINA's responses to request for production of documents sets one, two and three;

3. LINA's responses to requests for admissions, set one;

4. The Plan's responses to interrogatories set one;

5. The Plan's responses to request for production of documents, set two;

6. Any deposition testimony transcripts and testimony relating to the Protected Material;

7. Any written discovery propounded or depositions noticed subsequent to the entry of this Protective Order and calling for the production of Protected Material.

(b)   "Qualified Person" as used herein means:

(1)   Counsel of Record for the parties in this litigation, and any attorneys, paralegals, legal secretaries or other support staff who are regularly employed by, or associated with, the office of a Counsel of Record, who have received specific authority from that Counsel of Record to view documents or other information designated as "Protected Material" for purpose of this litigation; Actual or potential independent experts or consultants retained by any party to this litigation. Before disclosure of Protected Material to any person under this Confidentiality Agreement and Agreed Protective Order, each such person shall be provided with a copy of this Confidentiality Agreement and Agreed Protective Order and shall execute a Non-Disclosure Agreement (<u>Exhibit A</u>). The original version of each signed Non-Disclosure Agreement shall be maintained by the counsel who retained

the expert, for production to opposing counsel upon request after termination of this lawsuit and exhaustion of all appeals, or on good cause shown. The parties agree that this section is not intended, and may not be used, to circumvent any disclosure rules concerning opinion witnesses , trial witnesses, expert witnesses, or consultants;

      (2)    Parties (Plaintiff and Named Defendant(s));

      (3)    Any other person may be designated as a "Qualified Person" by Order of this Court, after notice and hearing.

## **STIPULATED TERMS**

1.    All Protected Material shall be governed by the provisions of this Confidentiality Agreement and Agreed Protective Order.

2.    Protected Material shall be labeled with any combination of the words and/or terms "CONFIDENTIAL" or "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER".

3.    Protected Material and the information contained therein shall not be disclosed or made available to person other than Qualified Persons, except as stated in this paragraph. Protected Material shall be restricted in circulation to Qualified Persons described in the Definitions section of this document. The viewing of material or copies of documents produced under this Confidentiality Agreement and Agreed Protective Order may be made, or exhibits prepared by, independent copy services for the purposes of this litigation.

4.    Each party's outside counsel shall maintain a log of all copies of Protected Material which are delivered to any one or more Qualified Persons outside

the office of the counsel of record, as described in the Definitions section of this document, or to independent copy services.

5. Nothing herein shall prevent disclosure outside the terms of the Confidentiality Agreement and Agreed Protective Order if each party designating the information as Protected Material consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

6. Nothing in this Confidentiality Agreement and Agreed Protective Order shall be construed as preventing or prohibiting a party from seeking additional protection from the Court against disclosure of classified information, including an order that such information may not be disclosed, or that it may be disclosed only in a designated way.

7. If a receiving party disagrees with a producing party's designation of any Protected Material, the receiving party may request in writing that the producing party re-designate such Protected Material. If the producing party does not re-designate the Protected Material, the receiving party may request the Court to order the re-designation of such Protected Material. It is the producing party's burden to prove good cause for any such designation challenged by the receiving party.

8. All pleadings, and all motions, briefs and other papers intended to be filed with the Court, including copies to be served on counsel, that include, in whole or in part, Protected Material shall be preceded by a request by way of Motion to the Court that the Protected Material be permitted to be filed under seal. If the Court

refuses to file the Protected Material under seal, the Protected Material may not be filed with the Court.

9. No person to whom any Protected Material is disclosed may use the Protected Material for any purpose other than discovery in this action, preparation for trial of this action, the trial of this action or settlement or appeal of this action. No person to whom any Protected Material is disclosed may use, exchange, loan or in any manner disclose the Protected Material to anyone beyond the provisions of this Confidentiality Agreement and Agreed Protective Order.

10. After the final termination of this action, the provisions hereof relating to the secrecy and confidentiality of the Protected Material and information contained therein shall continue to be binding.

11. Within thirty (30) days of conclusion of this litigation, or any appeal thereof, all Protected Material in the possession of any Qualified Person shall be returned to the party which produced the Protected Material, including any documents which have been provided any testifying expert, consulting expert, or other person who obtained Protected Materials, except as this Court may otherwise order.

12. The parties further agree that prior to their production; the personally identifying information on all documents containing any such personally identifying information shall be redacted.

13. This Confidentiality Agreement and Agreed Protective Order may be modified by agreement of counsel for the parties, provided that any such agreement is memorialized in the form of a stipulation that shall be field with the Clerk and made a part of the record in this action.

14. This Confidentiality Agreement and Agreed Protective Order shall be without prejudice to the right of any party to contest the admissibility of the Protected Material. Nothing contained herein shall be construed as a waiver of any objection that might be raised as to the admissibility at trial of any evidence.

15. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Confidentiality Agreement and Agreed Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Agreement.

16. This Confidentiality Agreement and Agreed Protective Order may be executed in counter-parts by counsel for the parties and maintain its full and binding force and effect.

Date: August 1, 2011          By: _____
                                   Hon. Alicia G. Rosenberg
                                   United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT

| | |
|---|---|
| CELINA WHINERY, | Case No.: CV10-09312-PA-AGR |
| Plaintiff, | District Judge: Hon. Percy Anderson |
| v. | Magistrate Judge: Hon. Alicia G. Rosenberg |
| LIFE INSURANCE COMPANY OF NORTH AMERICA; and CITIGROUP LIFE INSURANCE BENEFIT PLAN, | Filing Date: December 3, 2010 |
| Defendants. | |

## NON-DISCLOSURE AGREEMENT

I, _____, have reviewed the Confidentiality Agreement and Agreed Protective Order entered by the Court in the above-styled matter, and I have had an opportunity to review it and seek independent counsel about its contents. Having read the Confidentiality Agreement and Agreed Protective Order, understanding its contents, including the obligations and duties it imposes upon me, and agreeing to abide by it, I voluntarily, knowingly, and by my own hand execute this Non-Disclosure Agreement, which obligates me to adhere to the terms of the Confidentiality Agreement and Agreed Protective Order.

**EXECUTED** this _____ day of _____, 2011.

**CERTIFICATE OF SERVICE**
*Celina Whinery v. Life Insurance Company of North America; et al.*
*U.S.D.C. Central District of California Case No.: CV-10-09312-PA-AGR*

At the time of service I was over 18 years of age and not a party to this action. I am employed by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP. My business address is 525 Market Street, 17th Floor, San Francisco, California 94105. My business telephone number is (415) 433-0990; my business fax number is (415) 434-1370. On this date I served the following document(s):

**[PROPOSED] PROTECTIVE ORDER**

on the person or persons listed below, through their respective attorneys of record in this action, by placing true copies thereof in sealed envelopes or packages addressed as shown below by the following means of service:

☐ : **By United States Mail.** I placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ : **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and address to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ : **By Messenger Service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and provided them to a professional messenger service for service.

☐ : **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which was printed out, is attached.

☒ : **By Electronic Service.** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

Glenn R. Kantor, Esq.  
Brent Dorian Brehm, Esq.  
Kantor & Kantor  
19839 Nordhoff Street  
Northridge, CA 91324

Tel: 818/886-2525  
Fax: 818/350-6272  
*Attorneys for Plaintiff, Celina Whinery*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. EXECUTED on July 28, 2011 at San Francisco, California.

*/s/ Liza H. Cachero*
Liza H. Cachero